UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LERON LIGGINS

      Defendant.

Case No. 2:18-cr-20071

HONORABLE STEPHEN J. MURPHY, III

_____/

**ORDER STRIKING
PRO SE DISCOVERY MOTION AND
BRIEF [53], GRANTING DEFENDANT'S MOTION
FOR WITHDRAWAL OF ATTORNEY [52], AND REQUIRING
AFFIRMATION BY THE GOVERNMENT REGARDING DISCOVERY**

Defendant Leron Liggins is charged with one count of conspiracy to possesswith intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of possession with intent to distribute heroin, aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. ECF 42, PgID 180–83. Liggins recently filed a motion for withdrawal of his attorney, Joseph Arnone, ECF 52, as well as a pro se discovery motion, ECF 53. The Court will address each in turn. The Court will also order the Government to briefly reaffirm that it is not "withholding evidence" in the case.

First, Liggins was represented by counsel when he filed his pro se discovery motion. ECF 53. "Although the Sixth Amendment guarantees defendants the right to conduct their own defense and even represent themselves, the right of self-representation does not include the right to proceed in a hybrid manner" through both

1

"counsel and pro se" motions. *United States v. Dehar*, No. 07-20558, 2008 WL 4937855, at *1 (E.D. Mich. Nov. 14, 2008) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) and *United States v. Mosley*, 810 F.2d 93, 97–98 (6th Cir. 1987)) (internal citation omitted). The Court will strike Liggins' pro se motion under that law and instruct that he "should seek relief from this Court through his Court-appointed attorney." *See id.*

Second, as to his motion to withdraw Mr. Joseph Arnone as his attorney, Liggins cited a complete breakdown in the attorney-client relationship. ECF 52, PgID 227. On January 30, 2020, the Court held a hearing on the motion. For the reasons stated on the record, and due to the apparent breakdown of the attorney-client relationship between Mr. Arnone and Liggins, the Court will grant Liggins' motion for withdrawal of counsel. If Liggins choses to retain counsel, his new counsel must file an appearance no later than. February 5, 2020 at 4:00 PM. If no one appears on Liggins' behalf, the Court will appoint the Federal Defender's office to represent him.

Finally, during the hearing on the motion to withdraw, Liggins repeatedly engaged in personal outbursts, interrupted the Court and insisted that the Government was "withholding evidence." The government lawyer in charge of the case affirmed that the United States was not "withholding evidence." But the Court will require the Government to file an affirmation on the docket no later than February 14, 2020 that all discovery has been provided and it is not withholding any evidence.

2

**WHEREFORE**, it is hereby **ORDERED** that Defendant's discovery motions and brief [53] are **STRICKEN**.

**IT IS FURTHER ORDERED** that Defendant Leron Liggins' motion for withdrawal of attorney [52] is **GRANTED**.

**IT IS FURTHER ORDERED** that if Liggins choses to retain counsel, his retained attorney must **FILE** an appearance no later than 4:00 PM on **February 5, 2020**.

**IT IS FURTHER ORDERED** that the Government shall **FILE** a brief statement that it is not withholding any evidence no later than **February 14, 2020**.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: February 4, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 4, 2020, by electronic and/or ordinary mail.

s/ David P. Parker<br>Case Manager