1

```
 1                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
 2                       SOUTHERN DIVISION

 3   UNITED STATES OF AMERICA,

 4                 Plaintiff,         Case No. 18-20071
       -v-
 5
     LERON LIGGINS,
 6
                   Defendant.
 7   _____/

 8                       MOTION HEARING

 9       BEFORE THE HONORABLE STEPHEN J. MURPHY, III
                United States District Judge
10         Theodore Levin United States Courthouse
              231 West Lafayette Boulevard
11                   Detroit, Michigan
                     January 30, 2020
12   APPEARANCES:

13   FOR THE PLAINTIFF:    ANDREA HUTTING
                           U.S. Attorney's Office
14                         211 W. Fort StreetSuite 2000
                           Detroit, MI   48226
15

16   FOR THE DEFENDANT:    JOSEPH P. ARNONE
                           Arnone Law, PLLC
17                         24518 Harper Ave
                           St. Clair Shores, MI   48080
18

19         To Obtain a Certified Transcript Contact:
                      Christin E. Russell
20         FCRR, RDR, CRR, CSR - (248) 420-2720
         Proceedings produced by mechanical stenography.
21    Transcript produced by computer-aided Transcription.

22

23

24

25
```

I N D E X

Proceedings:                                                   Page
  Motion Hearing                                              3

EXHIBITS:
  (None Offered.)

CERTIFICATE OF REPORTER                               9

1  Detroit, Michigan

2  January 30, 2020

3  10:20 a.m.

4                       *     *     *

5        (Call to Order of the Court; all parties present.)

6            THE CLERK:  The Court now calls case No. 18-cr-20071,

7  United States vs. Leron Liggins.  Counsel, please state your

8  appearances for the record.

9            MS. HUTTING:  Good morning, your Honor.  Andrea

10 Hutting on behalf of the United States.

11           MR. ARNONE:  Good morning, your Honor.  May it please

12 the Court, Joseph Arnone on behalf of Mr. Liggins, who is

13 present and seated to my left.

14           THE COURT:  Okay.  Good.  Thank you for everybody

15 being on time, and welcome.

16           Most defendants don't get my attention or stand out,

17 but Mr. Liggins does.  He was indicted with a count of

18 conspiracy to distribute heroin.  The grand jury issued a

19 superseding indictment that also charged 21 USC 841, aiding and

20 abetting the distribution of heroin.  And there is a second

21 case emanating from Kentucky that was transferred here.

22           Mr. Marlon Evans, who I knew well, and regrettably

23 passed away in the past eight months, filed a motion to

24 withdraw because Mr. Liggins apparently couldn't get along with

25 him.  Mr. Liggins, on his own, sent a notice to the Court

1    without Mr. Evans's knowledge, so we allowed Mr. Evans to
2    withdraw April of '19.
3            Subsequent to that, Mr. Arnone was appointed to Mr.
4    Liggins' case.  I know Mr. Arnone rather well over the years.
5    He just got a rather remarkable acquittal in a bank robbery
6    case in Judge Lawson's courtroom upstairs.  So we're talking
7    about two of the very finer lawyers in the district.
8            We scheduled a trial for September 19, because that's
9    what Mr. Liggins wanted, but then the lawyers told me Mr.
10   Liggins was going to plead guilty.  So at expense to the Court,
11   inconvenience to the staff and uncertainty to the lawyers, we
12   cancelled the jurors.  And yet, at the time -- we cancelled the
13   jurors because the lawyers told me he was going to plead
14   guilty.  And then as we get ready to plead guilty on the day of
15   the plea, Mr. Liggins refuses to sign his plea agreement and we
16   reset the trial for March 3, 2020, which is about a month away
17   and which I fully intend to go forward with.
18           And I intend to go forward with it because, number
19   one, we've cancelled the trial already at great expense, and I
20   don't feel like burdening the taxpayers with additional
21   expense; the Government has a right to a fair trial and
22   presentation of its witnesses before anything happens to them;
23   and general court policy of me, which is that the Court runs
24   the schedule and not the parties.
25           Notwithstanding that, December 19th, I received a

1  letter again, individually from Mr. Liggins without Mr.
2  Arnone's knowledge, in which Mr. Liggins complains about the
3  performance of Arnone and then says something I didn't
4  understand about the Government committing fraud on the Court.
5  Mr. Arnone filed a motion to withdraw on January 23, and Ms.
6  Hutting takes no position on this.
7              I'm tired of this case.  I'm tired of this defendant.
8  I'm tired of getting the runaround.  This has been going on
9  since February 6, 2018.
10             We've got a case out of Kentucky that came here under
11 Rule 20.  Rule 20 says the reason for the transfer was the
12 defendant has agreed to plead guilty.  I feel as if the Court
13 has been misled.  I've been told in an official pleading and
14 informally the defendant was going to plead guilty.  We
15 cancelled jurors.  We got a trial date.  Now we got this.
16             THE DEFENDANT:  Can I speak, your Honor?
17             THE COURT:  No.  You're represented.
18             THE DEFENDANT:  No, I don't -- I'm not represented.
19             THE COURT:  You are represented.  And if you speak
20 anymore, I'll have you hauled out of here.
21             THE DEFENDANT:  Oh, my God.
22             THE COURT:  What's going on?  You.
23             MR. ARNONE:  Your Honor, I think there is a breakdown
24 with which direction this case needs to go.
25             THE COURT:  Well, why?  He had a lawyer.  We put you

1  in to address what Jackson, excuse me, Evans couldn't.
2          Now, I had my staff order jurors for a trial, and we
3  paid the jurors to come in.  And we had them here at great
4  expense.  And we had to cancel that because he said he wanted
5  to plead guilty.  Then he also, by the way, said in a Rule 20
6  proceeding out of Kentucky, in a court document which was filed
7  with their court and ours, he was going to plead guilty to the
8  Kentucky case pursuant to Rule 20.  Then he comes in here and
9  says he doesn't want to plead guilty, even though we've got him
10 ready for a trial.
11         Now I've got him ready for a trial, which he wanted,
12 and he says he doesn't -- he wants another lawyer.  You're the
13 second lawyer, the second good lawyer, and I am being misled
14 and messed with.  And he's sitting here moaning and speaking
15 under his breath when I told him I wanted to hear from his
16 lawyer.  All right?
17         This guy has got my attention, Mr. Arnone.  What do
18 you want me to do?  This guy looks like a criminal to me.  This
19 is what criminals do.  This isn't what innocent people, who
20 want a fair trial do.  He's indicted in Kentucky.  He's
21 indicted here.  He's alleged to be dealing heroin, which
22 addicts, hurts and kills people, and he's playing games with
23 the Court.  Do you agree?
24         MR. ARNONE:  I can't argue with your logic.
25         THE COURT:  Okay.  What do you want, Ms. Hutting?

```
 1              MS. HUTTING:  I am not taking a position as it relates
 2   to whether or not he should be allowed to withdraw because I
 3   can't speak to whether there has been a breakdown.  I can tell
 4   the Court that if we are to proceed on March 3rd, I will be
 5   ready.
 6              THE COURT:  All right.  Well, I'm going to take the
 7   motion under advisement.  And my inclination now is to deny the
 8   motion.  There is no evidence of -- there is no credible
 9   evidence of a breakdown.  There's some nonsense in the file --
10              THE DEFENDANT:  Excuse me --
11              THE COURT:  -- written by what appears to be --
12              THE DEFENDANT:  -- your Honor?  There was -- excuse
13   me.  Can I speak, please?
14              THE COURT:  No.  You're represented.  You be quiet.
15              There's some nonsense in the file -- that's part of
16   the problem here, is I'm getting this nonsense which is written
17   by jailhouse lawyers and defendants who don't know what they
18   are doing when they are represented by counsel that say there's
19   a fraud on the Government, and the Government has committed
20   fraud on the Court.  I've seen this nonsense before from tax --
21              THE DEFENDANT:  They are withholding evidence.
22              THE COURT:  Yeah, right.
23              THE DEFENDANT:  They are withholding evidence.
24              THE COURT:  How much evidence are you withholding, Ms.
25   Hutting?
```

```
 1            THE DEFENDANT:  I have it in my PSR --
 2            THE COURT:  What are you, what are you withholding?
 3            THE DEFENDANT:  I have it in my PSR, sir.
 4            MS. HUTTING:  I have provided everything.
 5            THE DEFENDANT:  I have it in my PSR.  They are
 6   withholding evidence.
 7            THE COURT:  Yeah.  I've seen this nonsense before.  Be
 8   ready for trial on March 3.  We're in adjournment now.
 9            THE DEFENDANT:  I'm going to get you off my case.
10            THE CLERK:  All rise.
11            THE DEFENDANT:  That's what I'm going to do.
12            THE CLERK:  Court is in recess.
13      (Proceedings concluded, 10:30 a.m.)
14
15                        *      *      *
16
17
18
19
20
21
22
23
24
25
```

```
1
2                    CERTIFICATE OF COURT REPORTER
3
4
5         I certify that the foregoing is a correct transcript
6    from the record of proceedings in the above-entitled matter.
7
8       s/Christin E. Russell              January 30, 2020
     CHRISTIN E. RUSSELL                   Date
9    FCRR, RDR, CRR, CSR-5607
     Federal Official Court Reporter
10
11
...
25
```